UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Levi Kahn, individually and on
behalf of all others similarly situated,

    Plaintiff,

v.                                    Case No. 7:20-cv-04792

D&A SERVICES, LLC
and Joe Does 1-25

    Defendant.

_____/

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S RULE 12(B)(6) MOTION TO DISMISS

                                                  Respectfully submitted,

                                                  */s/ Aaron R. Easley*
                                                  Aaron R. Easley, Esq. (ae9922)
                                                  SESSIONS, FISHMAN, NATHAN & ISRAEL
                                                  3 Cross Creek Drive
                                                  Flemington, NJ 08822
                                                  Telephone: (908) 237-1660
                                                  Facsimile: (908) 237-1663
                                                  Email:  aeasley@sessions.legal
                                                  *Counsel for Defendant*
                                                  *D&A Services, LLC*

I.  **INTRODUCTION**

Defendant D&A Services, LLC ("D&A") files this Memorandum of Law in support of its Motion to Dismiss ("the Motion") the Complaint filed by plaintiff Levi Kahn ("Plaintiff").

Plaintiff alleges D&A violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.* Plaintiff's action arises out of a March 9, 2020, collection letter (the "Letter"), and specifically the following statement in the letter: "If you dispute the debt, or any part thereof, or request the name and address of the original creditor in writing within the thirty-day period, the law requires our firm to suspend our efforts to collect the debt until we mail the requested information to you." [Dkt. 1 at ¶ 30, and Dkt. 1-1.][1]

Plaintiff contends this statement omits the "in writing" dispute requirement necessary to ensure the stoppage of collection efforts and the mailing of requested debt validation information, and is thus a "false and inaccurate portion of the Letter" and "is deceptive and misleading because it deceptively and improperly advises plaintiff of the proper method for exercising his validation rights under the FDCPA." [Dkt. 1 at ¶ 33.] Because of this statement, plaintiff contends D&A violated § 1692e(10) and § 1692g(b) of the FDCPA.

---

[1] Plaintiff truncated the sentence in the complaint. Compare the Complaint ("If you dispute the debt or any part thereof…the law requires our firm to suspend our efforts to collect the debt until we mail the requested information to you.") [Dkt 1 at ¶ 30] *with* the letter attached as Exhibit "A" to the Complaint ("If you dispute the debt, or any part thereof, <u>or request the name and address of the original creditor in writing within the thirty-day period</u>, the law requires our firm to suspend our efforts to collect the debt until we mail the requires information not you.") (emphasis added) [Dkt. 1-1.]

## II. LAW AND ARGUMENT

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is subject to a two-pronged standard of review. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 550 (2007). First, the Court must isolate the well-pleaded factual allegations from mere conclusory statements and/or recitations of the elements of the cause of action. *Id.* The latter must be disregarded in deciding the motion. *Id.* Relevant here, where a claim is based on a document and the document is attached to the complaint, the court considers the document's substance as part of the complaint's allegations. *Kalyanaram v. Am. Ass'n of Univ. Professors at New York Inst. of Tech., Inc.*, 742 F.3d 42, 44 (2d Cir. 2014). Second, the court must decide whether the well-pleaded factual allegations, if presumed true, state a plausible claim for relief. *Twombly*, 550 U.S. at 550. If not, as here, the complaint should be dismissed. *Id.*

Whether a collection letter complies with the FDCPA is a question of law for the court to decide pursuant to the least sophisticated consumer standard of review. *Easterling v. Collecto, Inc.*, 692 F.3d 229, 233-34 (2d Cir. 2012). This standard aims to strike a balance between protecting consumers against deceptive debt collection practices while shielding debt collectors from liability for "unreasonable constructions of their communications." *Campagna v. Client Servs., Inc.*, 2019 WL 6498171, *4 (E.D.N.Y. Dec. 3, 2019). Thus, a plaintiff's proposed interpretation must be reasonable to state a plausible claim for relief; bizarre or idiosyncratic interpretations of a letter do not suffice. *Schweizer v. Trans Union Corp.*, 136 F.3d 233, 237 (2d Cir. 1998).

As explained, *infra*, D&A's letter (and, specifically, the subject sentence) does not violate the FDCPA.  It accurately recites a dispute must be in writing and what a debt collector's obligations are upon receipt of the dispute.

## A.    D&A accurately recited the workings of and its obligations under § 1692g(b) of the FDCPA.

There is no basis for plaintiff's action.  D&A's sentence regarding written disputes is compliant with the strictures of the FDCPA.  Any contention otherwise is illustrative of an idiosyncratic interpretation by plaintiff of an otherwise clear debt collection letter, ignores the fact that a debt collector is not obligated to quote the statute's language verbatim, and, ultimately, ignores the fact that there is no material harm to plaintiff.

The foundation of plaintiff's action is the alleged violation of § 1692g,[2] and specifically § 1692g(b).  Section 1692g(a) sets forth the specific disclosures that a debt collector must make in its initial communication with a consumer.  Plaintiff is not contesting the accuracy of D&A's 1692g(a) disclosures.  He is instead contesting D&A's compliance with § 1692g(b).  Section 1692g(b) provides, in pertinent part:

> If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original

---

[2] Plaintiff's § 1692e claim is tied to the alleged violation of § 1692g.  Section 1692e provides in pertinent part: "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.  Without limiting the general application of the foregoing, the following conduct is a violation of this section: …(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

>creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector….

As stated, *supra*, plaintiff contends the following sentence in D&A's collection letter is violative of § 1692g(b): "If you dispute the debt, or any part thereof, or request the name and address of the original creditor in writing within the thirty-day period, the law requires our firm to suspend our efforts to collect the debt until we mail the requested information to you." [Dkt. 1 at ¶ 30, and Dkt. 1-1.]

It should be noted that the statute is written in the third person, and thus the disclosure has to be converted by the debt collector. Most importantly, however, D&A's sentence stated a dispute must be in writing and is an accurate recitation of D&A's obligations upon receipt of a written dispute.

Further, as stated, *supra*, whether a collection letter violates the FDCPA is an issue of law for the Court to decide pursuant to the least sophisticated consumer standard of review. *Easterling v. Collecto, Inc.*, 692 F.3d at 233-34. First, and critical here, courts presume a consumer will read a collection letter in its entirety and with care. *McStay v. I.C. Sys., Inc.*, 308 F.3d 188, 191 (2d Cir. 2002); *DeSantis v. Computer Credit, Inc.*, 269 F.3d 159, 161 (2d Cir. 2001). Thus, in determining whether a letter complies with the FDCPA, a court must construe the letter as a whole, rather than words or phrases in isolation. Second, plaintiff's proposed interpretation must be reasonable to state a plausible claim for relief; bizarre or idiosyncratic interpretations of a letter do not suffice. *Schweizer,* 136 F.3d at 237.

Finally, as the Honorable Kenneth M. Karas of this Court has noted, "there is no requirement in the FDCPA that a debt collector quote the statute's language verbatim." *Kagan v. Selene Finance, LLC*, 210 F.Supp.3d 535, 544 (S.D.N.Y. 2016) (citations omitted).  Even if this were not the case, however, it is well-settled that the Court is "not concerned with mere technical falsehoods[3] that mislead no one, but instead with genuinely misleading statements that may frustrate a consumer's ability to intelligently choose his or her response."  *Donahue v. Quickcollect, Inc.*, 592 F.3d 1027, 1034 (9th Cir. 2010).  *See also Hahn v. Triumph Partnerships, LLC*, 557 F.3d 755, 758 (7th Cir. 2009 ("[i]f a statement would not mislead the unsophisticated consumer, it does not violate the [FDCPA] – even if it is false in some technical sense."); *Miller v. Javitch, Block & Rathbone*, 561 F.3d 588, 596 (6th Cir. 2009) (citing with approval and concurring with the Seventh Circuit's adoption of a materiality element into claims based on a false or misleading statement under § 1692e.)

Here, D&A has properly recited the procedure and obligations under § 1692g(b).  Plaintiff's contention otherwise is the result of an idiosyncratic interpretation that should be dismissed.

---

[3] D&A does not concede its sentence contains a technical falsehood.

### III. <u>CONCLUSION</u>

For the foregoing reasons, the Court should grant this Motion and dismiss Plaintiff's Complaint with prejudice.

Dated: August 31, 2020            Respectfully submitted,

                                           *<u>/s/ Aaron R. Easley</u>*
                                           Aaron R. Easley, Esq. (ae9922)
                                           SESSIONS, FISHMAN, NATHAN & ISRAEL
                                           3 Cross Creek Drive
                                           Flemington, NJ 08822
                                           Telephone: (908) 237-1660
                                           Facsimile: (908) 237-1663
                                           Email: aeasley@sessions.legal
                                           *Counsel for Defendant,*
                                           *D&A Services, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on August 31, 2020, a copy of the foregoing was filed electronically in the ECF system. Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system, and the parties may access this filing through the Court's system.

                                                  */s/ Aaron R. Easley*
                                                  Aaron R. Easley, Esq.