```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
LEVI KAHN, individually and on behalf of all     :
others similarly situated,                       :
                              Plaintiff,         :
                                                 :               OPINION AND ORDER
v.                                               :
                                                 :               20 CV 4792 (VB)
D&A SERVICES, LLC, and John Does 1–25,           :
                              Defendants.        :
--------------------------------------------------------------x
```

Briccetti, J.:

Plaintiff Levi Kahn brings this putative class action against defendants D&A Services, LLC ("D&A"), and John Does 1–25, alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 et seq.

Now pending are D&A's motions to dismiss the complaint pursuant to (i) Rule 12(b)(1) for lack of subject matter jurisdiction (Doc. #18),[1] and (ii) Rule 12(b)(6) for failure to state a claim (Doc. #8).

For the reasons set forth below, the Rule 12(b)(1) motion is DENIED, and the Rule 12(b)(6) motion is GRANTED.

---

[1] Although D&A filed Doc. #18 as a "motion for leave to cite additional authority in support of its motion to dismiss," this motion actually raises an entirely new argument not previously briefed—that plaintiff lacks standing. The Court does not appreciate the disingenuous manner in which this issue was raised. In any event, because standing implicates the Court's subject matter jurisdiction, and is therefore a threshold issue, the Court construes the motion as one made under Rule 12(b)(1). See Cohen v. Rosicki, Rosicki & Assocs., P.C., 897 F.3d 75, 80 (2d Cir. 2018). And although plaintiff did not respond to this motion, since the motion is being denied for the reasons set forth below, no further briefing is necessary.

Unless otherwise indicated, case quotations omit all internal citations, quotations, footnotes, and alterations.

The Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

## BACKGROUND

In deciding the pending motions, the Court accepts as true all well-pleaded factual allegations in the complaint and draws all reasonable inferences in plaintiff's favor.

According to the complaint, D&A sent plaintiff a debt collection letter (the "letter") dated March 9, 2020.  The letter, which is attached to the complaint, stated plaintiff owed $7,628.70 to Bank of America, N.A.  (Doc. #1-1).[2]

Plaintiff alleges the letter violates Sections 1692e(10) and 1692g(b) of the FDCPA. Specifically, plaintiff claims the following language in the letter misleadingly suggests plaintiff's oral dispute of the debt will cause D&A to suspend debt collection efforts:  "If you dispute the debt, or any part thereof, or request the name and address of the original creditor in writing within the thirty-day period, the law requires our firm to suspend our efforts to collect the debt until we mail the requested information to you."  (Doc. #1-1 at ECF 2) ("the disputed sentence").[3]

---

[2]   In considering a motion to dismiss, "a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint."  DiFolco v. MSNBC Cable L.L.C., 622 F.3d 104, 111 (2d Cir. 2010).  The Court deems the letter incorporated by reference in the complaint.

[3]   "ECF __" refers to the page numbers automatically assigned by the Court's Electronic Case Filing system.

**DISCUSSION**

I.  Standards of Review

    A.  Rule 12(b)(1)

"[F]ederal courts are courts of limited jurisdiction and lack the power to disregard such limits as have been imposed by the Constitution or Congress." Durant, Nichols, Houston, Hodgson & Cortese-Costa, P.C. v. Dupont, 565 F.3d 56, 62 (2d Cir. 2009). "A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." Nike, Inc. v. Already, LLC, 663 F.3d 89, 94 (2d Cir. 2011). A court lacks the judicial power to hear a party's claims when the party does not have standing. See Hillside Metro Assocs., LLC v. JPMorgan Chase Bank, Nat'l Ass'n, 747 F.3d 44, 48 (2d Cir. 2014).

When deciding whether subject matter jurisdiction exists at the pleading stage, the court "must accept as true all material facts alleged in the complaint." Conyers v. Rossides, 558 F.3d 137, 143 (2d Cir. 2009). "However, argumentative inferences favorable to the party asserting jurisdiction should not be drawn." Buday v. N.Y. Yankees P'ship, 486 F. App'x 894, 895 (2d Cir. 2012) (summary order).

When a defendant moves to dismiss for lack of subject matter jurisdiction and on other grounds, the court should resolve the Rule 12(b)(1) challenge first. Rhulen Agency, Inc. v. Ala. Ins. Guar. Ass'n, 896 F.2d 674, 678 (2d Cir. 1990).

    B.  Rule 12(b)(6)

In deciding a Rule 12(b)(6) motion, the Court evaluates the sufficiency of the operative complaint under the "two-pronged approach" articulated by the Supreme Court in Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). First, a plaintiff's legal conclusions and "[t]hreadbare recitals

3

of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the assumption of truth and are thus not sufficient to withstand a motion to dismiss.  Id. at 678; Hayden v. Paterson, 594 F.3d 150, 161 (2d Cir. 2010).  Second, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  Ashcroft v. Iqbal, 556 U.S. at 679.

To survive a Rule 12(b)(6) motion, the allegations in the complaint must meet a standard of "plausibility."  Ashcroft v. Iqbal, 556 U.S. at 678; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 564 (2007).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. at 678.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 556).

When "an FDCPA claim is based solely on the language of a letter to a consumer, the action may properly be disposed of at the pleadings stage."  De La Cruz v. Fin. Recovery Servs., Inc., 2019 WL 4727817, at *3 n.5 (S.D.N.Y. Mar. 28, 2019).

II.     Standing

D&A argues plaintiff lacks standing under Article III of the Constitution to bring this action.

The Court disagrees.

To satisfy the "irreducible constitutional minimum of standing . . . the plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision."  Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1547 (2016).

"Spokeo does not categorically preclude violations of statutorily mandated procedures from qualifying as concrete injuries supporting standing." Cohen v. Rosicki, Rosicki & Assocs., P.C., 897 F.3d 75, 81 (2d Cir. 2018).

> [Spokeo] teaches, instead, that in order to determine whether a procedural violation manifests injury in fact, a court properly considers whether Congress conferred the procedural right in order to protect an individual's concrete interests.  In the absence of a connection between a procedural violation and a concrete interest, a bare violation of the former does not manifest injury in fact.  However, where Congress confers a procedural right in order to protect a concrete interest, a violation of the procedure may demonstrate a sufficient risk of real harm to the underlying interest to establish concrete injury without need to allege any additional harm beyond the one Congress has identified.

Id.  Indeed, after Spokeo, the Second Circuit has held that Sections 1692e and 1692g protect an individual's concrete interests, so that an alleged violation of these provisions satisfies the injury-in-fact requirement of Article III.  Id.

Here, plaintiff alleges violations of Sections 1692e and 1692g.  Accordingly, plaintiff has standing to pursue this case.[4]

III.   Fair Debt Collection Practices Act

D&A also argues plaintiff fails to allege the debt collection letter violated Sections 1692e and 1692g because the letter does not misrepresent the FDCPA's dispute process.

The Court agrees.

---

[4] In arguing plaintiff lacks standing to bring this case, D&A inexplicably relies solely on Seventh Circuit case law.  However, as other courts have also acknowledged, the circuits are split on the issue of whether a plaintiff alleging violations of Sections 1692e and 1692g has standing, with the Second and Seventh Circuits in disagreement.  E.g., Banks v. Kottemann L. Firm, 2021 WL 1200090, at *5 n.4 (M.D. La. Mar. 30, 2021) (noting split between the Seventh, Eleventh, and D.C. Circuits and the Second and Sixth Circuits).  Of course, this Court must follow binding precedent in this Circuit.

5

A.    The Least Sophisticated Consumer Standard

Claims of FDCPA violations are evaluated under "an objective standard, measured by how the 'least sophisticated consumer' would interpret the notice received from the debt collector." Russell v. Equifax A.R.S., 74 F.3d 30, 34 (2d Cir. 1996).  "[T]he test is how the least sophisticated consumer—one not having the astuteness of a 'Philadelphia lawyer' or even the sophistication of the average, everyday, common consumer—understands the notice he or she receives." Id.  The least sophisticated consumer is "presumed to possess a rudimentary amount of information about the world and a willingness to read a collection notice with some care." Clomon v. Jackson, 988 F.2d 1314, 1319 (2d Cir. 1993).

A court should presume a reader, even if unsophisticated, would read the letter in its entirety.  See McStay v. I.C. Sys., Inc., 308 F.3d 188, 191 (2d Cir. 2002).  Accordingly, courts analyze collection letters "from the perspective of a debtor who is uninformed, naive, or trusting, but is making basic, reasonable and logical deductions and inferences." Dewees v. Legal Servicing, LLC, 506 F. Supp. 2d 128, 132 (E.D.N.Y. 2007).  "FDCPA protection does not extend to every bizarre or idiosyncratic interpretation of a collection notice." Easterling v. Collecto, Inc., 692 F.3d 229, 233–34 (2d Cir. 2012).

B.    Sections 1692e and 1692g Claims

The standards for determining violations of Sections 1692e(10) and 1692g are essentially the same.  Papetti v. Rawlings Fin. Servs., LLC, 121 F. Supp. 3d 340, 353 (S.D.N.Y. 2015).

Section 1692g requires a debt collector to communicate certain information to a debtor when attempting to collect a debt, including the amount of the debt, the name of the creditor to whom the debt is owed, and a statement that the consumer has thirty days after receipt of the

notice to dispute the validity of the debt, or any portion thereof.  See 15 U.S.C. § 1692g(a).  It also states, in relevant part:

> If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.

15 U.S.C. § 1692g(b) (emphasis added).

Section 1692e prohibits the use of "false, deceptive, or misleading representation[s] or means in connection with the collection of any debt," and contains a non-exhaustive list of sixteen proscribed acts.  As relevant to this case, Section 1692e(10) prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt."  However, "as a natural corollary to the least sophisticated consumer test, only material errors violate Section 1692e."  Bryan v. Credit Control, LLC, 954 F.3d 576, 582 (2d Cir. 2020).  "That is, a false statement is only actionable under the FDCPA if it has the potential to affect the decision-making process of the least sophisticated consumer."  Id.

Finally, "there is no requirement in the FDCPA that a debt collector quote the statute's language verbatim."  Kagan v. Selene Fin. L.P., 210 F. Supp. 3d 535, 544 (S.D.N.Y. 2016).  "Courts have held that collection notices are not deceptive simply because certain essential information is conveyed implicitly rather than explicitly."  Id.

C. Application

Here, plaintiff alleges the following sentence in the letter violates Sections 1692g(b) and 1692e(10):  "If you dispute the debt, or any part thereof, or request the name and address of the original creditor in writing within the thirty-day period, the law requires our firm to suspend our

7

efforts to collect the debt until we mail the requested information to you." (Doc. #1-1 at ECF 2) (emphasis added).

Plaintiff argues the phrase "in writing" applies only to the phrase "request the name and address of the original creditor." According to plaintiff, this leaves the first part of the sentence—"[i]f you dispute the debt, or any part thereof"—without a specific instruction of how to dispute. Thus, the least sophisticated consumer would understand the sentence to say any dispute of the debt, oral or written, would cause D&A to cease collection efforts. Plaintiff claims this renders the disputed sentence misleading insofar as Section 1692g(b) requires that the dispute be in writing to cause the debt collector to cease collection efforts.

Plaintiff does not plausibly allege a violation of Section 1692g(b).

Read in its entirety, the letter properly informs plaintiff that plaintiff must dispute the debt in writing. Directly above the disputed sentence is the notice required by 15 U.S.C. § 1692g(a). It states:

> Unless you notify our office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

(Doc. #1-1 at ECF 2) (emphasis added). This paragraph instructs plaintiff to contact D&A "in writing" if he (i) disputes the validity of any portion of the debt, or (ii) requests the original creditor's name and address. The following paragraph—i.e., the disputed sentence—instructs that if plaintiff did either of the things listed in the prior paragraph, D&A would "suspend [its] efforts to collect the debt." Thus, "[r]ead in its entirety, the letter apprised [plaintiff] of his obligations under Section [1692g]." Leszczynski v. D&A Servs., LLC, 2021 WL 1553921, at *3

8

(E.D. Pa. Apr. 20, 2021) (dismissing FDCPA claims based on same disputed sentence, albeit for lack of standing).  Nowhere does the letter "say[] that any type of dispute, even a dispute made orally, can trigger cessation of debt collection efforts."  (Doc. #16 ("Opp.") at ECF 5).  Simply put, if the least sophisticated consumer reads the letter in its entirety, as he must, it is clear that both a dispute of the debt and a request for the original creditor's name and address must be done in writing.  For the same reason, plaintiff also does not plausibly allege the disputed sentence is a false, deceptive, or misleading representation in violation of Section 1692e(10).

Nor has plaintiff plausibly alleged Section 1692e(10) is violated because the disputed sentence is open to more than one reasonable interpretation.  Although a "collection notice[] can be deceptive if [it is] open to more than one reasonable interpretation, at least one of which is inaccurate," Clomon v. Jackson, 988 F.2d 1314, 1319 (2d Cir. 1993), plaintiff's idiosyncratic interpretation cannot be credited as reasonable.  See Easterling v. Collecto, Inc., 692 F.3d at 233–34.  Neither the use of commas around "or any part thereof" nor the second "or" splits the sentence into two.  Rather, the phrase "or any part thereof," which is offset by commas, is simply a modifier for the preceding word, "debt."  And the second "or" properly identifies two distinct actions that must be done in writing to take effect.

Accordingly, both the Section 1692g(b) and Section 1692e(10) claims must be dismissed.

## CONCLUSION

The motion to dismiss pursuant to Rule 12(b)(1) is DENIED.

The motion to dismiss pursuant to Rule 12(b)(6) is GRANTED.

The Clerk is instructed to terminate the motions (Docs. ##8, 18) and close this case.

Dated: May 14, 2021
White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge